IN THE UNITED STATES COURT OF FEDERAL CLAIMS
Bid Protest

| | | |
|---|---|---|
| RAYTHEON COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | No. 15-077C |
| | ) | (Judge Sweeney) |
| Defendant, | ) | |
| | ) | ▮▮▮▮▮▮▮▮▮▮▮ |
| LOCKHEED MARTIN CORPORATION & | ) | |
| NORTHROP GRUMMAN SYSTEMS | ) | |
| CORPORATION, | ) | REDACTED VERSION |
| | ) | |
| Defendants-Intervenors. | ) | |

**LOCKHEED MARTIN'S OPPOSITION TO RAYTHEON'S MOTION
TO STRIKE THE AGENCY'S MEMORANDUM FOR THE RECORD**

Intervenor, Lockheed Martin Corporation ("Lockheed Martin"), respectfully submits this opposition memorandum in response to plaintiff's, Raytheon Company ("Raytheon"), "motion to strike . . . Tab 3577 from the Agency Record." ECF Dkt. 44 ("Raytheon Br.")

In its protest challenging the U.S. Air Force's ("Agency") decision to take corrective action near the conclusion of a Government Accountability Office ("GAO") bid protest, Raytheon asks the Court to strike the Agency's "memorandum for the record" describing why the Agency decided to take the challenged corrective action. Raytheon's request is premised on the notion that any time an agency creates a document after the event it describes, the document contains "*ex post* rationalizations"

1

and should be excised from the administrative record. *Id.* at 2-6. The timeline of events involved of this case does not support Raytheon's assertion, and the motion is not supported by the relevant precedent. Raytheon's request should be rejected.

**Relevant Background**

The events relevant to Raytheon's motion occurred on the following dates:

| January 6, 2015 | GAO hearing |
|---|---|
| January 10, 2015 | Parties' post-hearing comments submitted |
| January 15, 2015 | GAO's "outcome prediction" teleconference |
| January 16, 2015 | Agency's letter stating intention to take corrective action |
| January 23, 2015 | Raytheon provides notice of intention to file protest in Court |
| January 26, 2015 | Agency issues the challenged "memorandum for the record" (AR Tab 3577) |
| January 26, 2015 | Complaint filed |

There is no dispute that the memorandum describing the reasons the Agency decided to take corrective action was issued ten days after the Government announced its intention. But, contrary to Raytheon's assertions, such a ten-day gap between the Agency making and memorializing its decision to take corrective action does not equate to a "a *post hoc* rationalization for the actual basis of the Agency decision." Raytheon Br. at 2.

**Argument**

**A.    The Agency's Memorandum for the Record Is Not an "*Ex Post* Rationalization" As Asserted by Raytheon**

In this case, the Agency announced its decision to take corrective action the day after GAO's outcome prediction session. Shortly thereafter, Agency officials

memorialized the reasons for their decision. There is nothing wrong with, or surprising about, the Agency taking ten days to complete the record of its decision. Indeed, Raytheon points to no regulation or requirement that the "memorandum for the record" must be completed before the Agency's intention was announced—and no such requirement exists.

What is more, the ten-day gap between the announcement of corrective action and the completion of the memorandum for the record does not make the memorandum a "post hoc rationalization," as Raytheon asserts. "A post hoc-rationalization is 'a new rationale for an old decision.'" *D&S Consultants, Inc. v United States*, 101 Fed. Cl. 23, 35 n.11 (2011) (quoting *CRAssociates, Inc. v. United States*, 95 Fed. Cl. 357, 377 (2010)). But the agency memorandum was the Government's initial explanation of a decision that had just been made. It is not a new, made-for-litigation assertion.

Similarly, the ten-day gap between the corrective action decision and the agency memorandum cannot plausibly result in the skepticism that the Court or GAO may have when declarations are generated during bid protest litigation in response to arguments that are made by other parties to the lawsuit. This Court has noted "that little weight is generally accorded to judgments 'prepared in the heat of the adversarial process.'" *Terex Corp. v. United States*, 104 Fed. Cl. 525, 534 n.7 (2012) (quoting *Boeing Sikorsky Aircraft Support*, B-277263, *et al.*, Sept. 29, 1997, 97-2 CPD ¶ 91). But the Agency's memorandum was completed on the same day that Raytheon submitted its notice of its

intention to file this protest action. As such, the Agency was not responding to Raytheon's litigation arguments, as the complaint had not yet been served.

Raytheon attempts to support its motion to strike by relying on two precedents in which this Court ruled on motions to supplement an administrative record. Its reliance on these opinions is misplaced for several reasons.

Raytheon asserts that, in *Al Ghanim Combined Group v. United States*, 56 Fed. Cl. 502 (2003), "the Court struck a declaration from the record of a bid protest by the Source Selection Authority ("SSA") of the challenged program, which purported to explain the basis underlying certain disputed price evaluation conclusions." Raytheon Br. at 5. But there was no "motion to strike" in *Al Ghanim*. 56 Fed. Cl. at 507, 510-11.[1] Instead, the Court addressed—and partially denied—a motion to supplement the administrative record submitted by the Government. Crucially, the declaration that was found to be partially unacceptable in *Al Ghanim* was "tendered to [the Court during litigation] to counter plaintiff's argument that the [agency] failed to comply with" FAR 15.404-1. *Id.* at 508.

The declaration prepared *in the heat* of the *Al Ghanim* litigation cannot plausibly be compared to a memorandum for the record by the Agency ten days after it announced its decision to take corrective action—and before initiation of litigation—in this case. The other decision on which Raytheon relies, *Arch Chemicals, Inc. v. United*

---

[1] The only discussion of motions to strike in the *Al Ghanim* decision occur in the context of other cases being described by the Court. *See id.* at 509 (discussing *Lion Raisins, Inc. v. United States*, 51 Fed. Cl. 238, 245-46 (2001)); *id.* at 510 n.10 (discussing *Tech Systems, Inc. v. United States*, 50 Fed. Cl. 216, 222 (2001)).

4

*States*, 64 Fed. Cl. 380 (2005), is similarly unhelpful to its cause. The *Arch Chemicals* case involved "six motions for leave to supplement the administrative record" that were filed by the Government *after* it produced the administrative record. *Id.* at 386. The Court denied some of those supplementation requests (characterizing its decision as striking the proffered statements) when, among other things, they "were created after Arch's protest was filed in th[e] Court and contain[ed] post hoc rationalizations as to why certain price factors were not considered . . . in the price evaluation methodology." *Id.* at 387. Again, the Agency's memorandum in this case cannot be fairly compared to the litigation responses and rationalizations at issue in *Arch Chemicals*.

    **B.**    **Raytheon Misunderstands the Applicable Legal Standard**

Raytheon's motion is also legally flawed because, among other things, it fails to recognize the relevant legal standard. Nowhere does its brief discuss the requirements imposed on a movant seeking to strike something that the Agency included in an original administrative record. Instead, as explained above, it relies on cases involving motions to supplement an existing record—which involves a different inquiry.

As the Court explained in *Waltner v. United States*, "'[c]ourts view motions to strike with disfavor and rarely grant them. A motion to strike must be directed to a "pleading," which term has been construed narrowly by the courts. Other court documents may not be attacked by a motion to strike.'" 98 Fed. Cl. 737, 766 (2011) (quoting *Fisherman's Harvest, Inc. v. United States*, 74 Fed. Cl. 681, 690 (2006)); *see* RCFC 11(a), 12(e), 12(f) (motions to strike authorized only for pleadings and unsigned

5

submissions to the Court); *Information Sciences Corp. v. United States*, 86 Fed. Cl. 269, 276 n.1 (2009).

As noted above with respect to *Arch Chemicals*, we recognize that this Court sometimes describes denials of motions to supplement a record as "strik[ing]" a proffered declaration or submitted document, *e.g.*, when the party opposing the additional material frames its opposition as a "motion to strike." But even in the context of the precedents that purport to "strike" such submissions, there is no black-letter rule that documents finalized after an action taken by an agency cannot be included in an administrative record. For instance, in *McVey Co. v. United States*, 111 Fed. Cl. 387 (2013), this Court rejected a plaintiff's attempt to strike materials included by an agency in the administrative record for a bid protest. The plaintiff complained that record improperly contained materials that were "not before the [agency] contracting officer at the time she awarded the contract" and were improper "*post hoc* rationalization[s]." *Id.* at 395 n.3. The Court disagreed, explaining that it "may consider evidence" included in an administrative record "that was developed during corrective action in response to prior bid protest proceedings." *Id.*

### C. Raytheon's Assertions Regarding the Weight That Should Be Given to Various Parts of the Record Are Erroneous and Improper

Finally, it should be noted that Raytheon's use of a motion to strike as a vehicle to argue about the weight certain documents should be given is improper. In its brief (at 2-3), Raytheon asserts that the notes taken by individual Agency personnel during GAO's outcome prediction teleconference (when GAO explained its views of the case)

6

are purportedly more reliable indicia of the Agency's views than the "memorandum for the record" developed by all of the responsible officials and executed by the responsible contracting officer. Even if Raytheon were correct that the Agency's collective, considered analysis is less reliable than the real-time notes taken by individual agency employees—and it is not—that argument *goes to the weight, not the admissibility* of the memorandum for the record. Raytheon is free to make such arguments in a substantive motion; it is not a legitimate reason to strike the Agency's explanation from the administrative record.

## Conclusion

For the reasons set forth above, Lockheed Martin respectfully requests that the Court deny Raytheon's motion to strike the Agency's memorandum memorializing its decision to take the corrective action at issue in this protest from the record.

Respectfully submitted,

/s/ Marcia G. Madsen

Marcia G. Madsen
David F. Dowd
Luke Levasseur
Mayer Brown LLP
1999 K Street, NW
Washington, D.C. 20006
Tel. (202) 263-3000
Fax (202) 263-3300
Protected Fax (202) 263-3752

March 16, 2015                    Counsel for Lockheed Martin Corporation

**CERTIFICATE OF SERVICE**

I hereby certify that, on March 16, 2015, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record in this matter who are registered with the Court's CM/ECF system.

/s/

Marcia G. Madsen